IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

February 21, 2018

**IN RE TAJ' M.**

**Appeal from the Juvenile Court for Shelby County**
**No. BB5203  David S. Walker, Special Judge**

_____

**No. W2017-01142-COA-R3-JV**

_____

This is one of several separate appeals filed with this court that arise directly or indirectly out of a dependent and neglect petition, a custody and child support proceeding, and an administrative order by the juvenile court. The administrative order required escort of the appellant by a deputy sheriff any time the appellant was in the building housing the Juvenile Court of Memphis and Shelby County "to enforce order in the court's immediate presence and as near thereto as is necessary to prevent interruption, disturbance, or hindrance to its proceedings." The juvenile court case from which this appeal arises, case number BB5203, was a dependent and neglect petition the appellant voluntarily dismissed by court order entered on September 24, 2015. Although the appellant remained a party to one or more separate juvenile court cases involving custody and child support of the same minor child, the order dismissing this case was a final judgment from which an appeal could be taken in 2015. Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the clerk within thirty days after entry of the judgment appealed. The notice of appeal challenging the judgment entered in this case was not filed until December 17, 2016, more than one year after the 2015 final judgment was entered. Therefore, it is untimely. Because the failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J. W.S., and BRANDON O. GIBSON, J., joined.

Pamela M., Memphis, Tennessee, Pro Se[1].

---

[1] This court has a policy of protecting the identity of children in dependency and neglect cases by initializing the last names of the parties.

# MEMORANDUM OPINION[2]

This case began when the appellant, Pamela M., filed a dependency and neglect petition in Shelby County Juvenile Court on September 10, 2015, asserting that she became concerned about her son's safety when she dropped him off for visitation with his father, Julius S. When the petition was filed, at least one related case was already pending in which the appellant was seeking, *inter alia*, child support from Julius S., that being case number V9166.[3]

When this case came on for hearing, the judge advised the appellant and the child's father, who was in attendance, that the respondent in a dependency and neglect proceeding had a right to be represented by an attorney and that an attorney would be appointed for the father if he was indigent and requested appointment of counsel. When the judge indicated that the appointment of counsel may require that the case be continued so that an attorney would have proper time to investigate the allegations, Ms. M. stated that she wanted to voluntarily dismiss her dependency and neglect petition so she could proceed with the scheduled hearing in the custody case, juvenile court case number V9166. The foregoing facts were revealed in the final judgment that was entered by the juvenile court in this case on September 24, 2015, which reads in relevant part:

> This cause came on to be heard on September 24, 2015 before the Honorable David S. Walker, Special Judge of the Juvenile Court of Memphis and Shelby County, Tennessee upon Dependent and Neglect Petitions filed on September 10, 2015 by the mother, Pamela [M.]. The mother, Pamela [M.], the father, Julius [S.] and the guardian ad litem, Autumn Chastain having appeared before the Court. At the beginning of the hearing the Special Judge advised that in a dependency and neglect proceeding that the respondent, father had a right to be represented by an attorney and that an attorney would be appointed for the father if he was

---

[2] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[3] Documents in the technical record also make reference to juvenile court case number BB3349, which also appears to pertain to the parties' respective rights to their child, but what transpired in the other cases is unclear. The uncertainty is principally due to the fact that the appellant is pro se, her brief provides very little relevant information, the Statement of the Case is one sentence, providing no relevant information concerning the dependency and neglect proceedings, and the father did not file an appellee's brief. The few facts mentioned in this opinion have been garnered from a technical record of a case that was dismissed pursuant to a final order on September 24, 2015, which was entered one year before the notice of appeal was filed.

indigent and requested appointment of counsel. The Special Judge further indicated that the appointment of counsel issue may require that the case be continued so that an attorney would have proper time to investigate the allegations. **The mother, Pamela [M.], stated that she wanted to voluntarily dismiss her dependency and neglect petitions, and proceed with the rehearing she had filed in the custody case under Docket number V9166.** Upon statements of the parties and review of the record, the Special Judge finds that the Tennessee Department of Children's Services Caseworker, Lakieta Brown testified that she had no concerns if the Dependent and Neglect Petitions were dismissed by the mother, Pamela [M.]. The caseworker further testified that there were no issues with the home of the father, Julius [S.] based on her investigation. The Guardian Ad Litem, Autumn Chastain stated that on her investigation of the home of the father she had no concerns if the mother voluntarily dismissed her dependent and neglect petitions. The Court finds that at the request of the petitioner, Pamela [M.], the petitions should be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED

1. **That the petitions be and are hereby dismissed**.

• • •

3. **That this is a final order and is intended to resolve all issues before the Court; any matters not specifically otherwise addressed are hereby denied**.

4. That the petitioner shall pay the costs for which execution may issue.

(Emphasis added).

After this case was dismissed, the appellant and the child's father continued to litigate custody and child support issues in the other juvenile court cases. During the pendency of the other cases, but more than a year after the final judgment had been entered in this case, the juvenile court entered an Administrative Order on October 28, 2016, requiring that the appellant be escorted by a Deputy Sheriff whenever she came to the courthouse ("Escort Order").[4] The appellant appealed the Escort Order which has been docketed in this court under appeal number W2017-00182-COA-R3-JV. Moreover, in a related case in chancery court, the appellant sought a writ of certiorari, a temporary restraining order, and injunctive relief from the Escort Order. Although this record provides few details, it appears that the chancery court denied all three and dismissed the

---

[4] Although this case was dismissed pursuant to a final judgment a year earlier, a copy of the Escort Order was filed with the juvenile court's record for this case. It appears that the Escort Order erroneously referenced the case number of this case.

case. The appellant appealed the chancery court's decision and the case was docketed in this court under number W2016-00182-COA-R3-CV.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the court clerk within thirty (30) days after entry of the judgment appealed. As stated earlier, the final judgment in this dependent and neglect action, juvenile court case number BB5203, was entered in September of 2015. The appellant did not file a notice to appeal this case until December 17, 2016, which was more than thirty days after entry of the final judgment in this case. "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional . . . ." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 868 n.1.

Because the record reveals that the notice of appeal was not filed with and received by the court clerk within thirty days after entry of the judgment appealed, this appeal is untimely. Accordingly, it is dismissed.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellant Pamela M. for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.